# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILILNOIS
# EASTERN DIVISION

| | |
|---|---|
| JOSE M. PADILLA, as the Special Administrator of the Estate of Maximilian Padilla,<br><br>Plaintiff,<br><br>v.<br><br>HUNTER DOUGLAS WINDOW COVERINGS, INC.; WINDOW COVERING MANUFACTURERS ASSOCIATION; AND WINDOW COVERING SAFETY COUNCIL,<br><br>Defendants. | Case No. 09 CV 1222<br><br>Judge John Z. Lee |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Jose M. Padilla ("Plaintiff"), brings this diversity suit alleging violations of state contract and tort law by Defendants Hunter Douglas Window Coverings, Inc. ("Hunter Douglas"), Window Covering Manufacturers Association ("WCMA"), and Window Covering Safety Council ("WCSC"). Defendants WCMA and WCSC now move for summary judgment pursuant to Fed. R. Civ. P. 56. For the following reasons, Defendants' motion is granted.

### I. Background

On April 22, 2008, Plaintiff's three-year old son died after he became entangled in the metal beaded chain cord on the miniblinds in his home. (Defs.' LR 56.1(a)(3) ¶ 1.) The miniblinds at issue were manufactured by Hunter Douglas, a Delaware corporation in the business of manufacturing and selling window coverings, including vertical miniblinds with cords and metal bead chains. (Defs.' LR 56.1(a)(3) ¶ 2; Def. Hunter Douglas Answer & Affirm. Defs to Pl.'s First Am. Compl. ¶ 4.)

Hunter Douglas is a member of the WCMA, an industry trade group that represents and promotes the interests of manufacturers, fabricators, and assemblers of window coverings. (Defs.' LR 56.1(a)(3) ¶ 3.) The WCMA is responsible for developing and implementing standards for the manufacture of window coverings, including vertical blinds. (Defs.' LR 56.1(a)(3) ¶ 4.)

Hunter Douglas is also a member of the WCSC, a coalition of major U.S. manufacturers, importers and retailers of window coverings that conducts, in conjunction with its members and the United States Consumer Product Safety Commission ("CPSC"), nationwide public education and information efforts concerning the hazard of strangulation on window blind cords. (Defs.' LR 56.1(a)(3) ¶ 5.) The WCSC also provides free retrofit kits to reduce the likelihood of strangulation on window blind cords, including the cords on vertical blinds. (Defs.' LR 56.1(a)(3) ¶ 5.) The WCSC's efforts were approved by the CPSC as part of a voluntary corrective action plan. (Defs.' LR 56.1(a)(3) ¶ 6.)

Hunter Douglas engaged in its own efforts to promote window covering safety by providing warnings on products and sales materials, providing signage and pamphlets on window blind safety for retailers to make available to Hunter Douglas customers, participating in promotions events such as Window Covering Safety Month with its own publications and promotions, and issuing press releases to the media regarding cord safety. (Defs.' LR 56.1(a)(3) ¶ 8; Defs.' Ex. 1, Kelley Aff. ¶¶ 5-6.)[1] Hunter Douglas also alerted its customers of the need to retrofit existing products to incorporate safety features and provided retrofit kits directly to its

---

[1] In Plaintiff's LR 56.1(b)(3) statement, Plaintiff claims that regarding the facts in ¶¶ 8-9 of Defendants' LR 56.1(a)(3) statement, Plaintiff "can neither admit nor deny these facts because Defendants have failed to reference any documents." But in Defendants' LR 56.1(a)(3) statement, Defendants cite the affidavit of O.B. Kelley in support of the facts in these paragraphs. When a responding party's statement fails to dispute the facts set forth in the moving party's statement in the manner dictated by the rule, those facts are deemed admitted for purposes of the motion. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). A district court is not required to "wade through improper denials and legal argument in search of a genuinely disputed fact." *Id.* (internal citations omitted). Thus, the facts in Defendants' LR 56.1(a)(3) statement in ¶¶ 8-9 are deemed admitted.

customers. (Defs.' LR 56.1(a)(3) ¶ 9; Defs.' Ex. 1, Kelley Aff. ¶ 7.) Finally, Hunter Douglas directed requests for retrofit kits to the WCSC for fulfillment. (Defs.' LR 56.1(a)(3) ¶ 9; Defs.' Ex. 1, Kelley Aff. ¶ 7.) In short, Hunter Douglas never ceased its own efforts to warn consumers about the hazards associated with window blinds or to promote window blind cord safety to the public. (Defs.' LR 56.1(a)(3) ¶ 10.)

## II. Summary Judgment

Federal Rule of Civil Procedure 56(a) provides that summary judgment is proper where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the initial burden of establishing that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party has sufficiently demonstrated the absence of a genuine issue of material fact, the nonmoving party must then set forth specific facts showing there are disputed material facts that must be decided at trial. *Id.* at 321-22.

## III. Discussion

Plaintiff asserts claims against the WCMA and the WCSC on a theory of negligent undertaking. Plaintiff alleges that the WCMA and the WCSC voluntarily undertook and breached a duty to (1) warn consumers about the risk of strangulation posed by window coverings and (2) carry out a corrective action plan designed to eliminate the identified strangulation hazard by initiating the retrofit and recall program.

To state a claim for negligence, Plaintiff must establish the existence of a duty of care owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately caused by that breach. *Iseberg v. Gross*, 879 N.E.2d 278, 284 (Ill. 2007). To survive a motion for summary judgment, the plaintiff must present some factual basis in support of each element of

the cause of action. *See Billings v. Madison Metro. Sch. Dist.*, 259 F.3d 807, 812 (7th Cir. 2001). Defendants WCMA and WCSC contend that Plaintiff cannot, as a matter of law, establish the first element of a negligence claim – that they owed Plaintiff a duty. Thus, the issue before the Court is whether the WCMA or the WCSC voluntarily undertook a legal duty to Plaintiff.

Whether a defendant has voluntarily undertaken a legal duty to a plaintiff is a question of law for the court that is properly addressed in a motion for summary judgment. *Lange v. Fisher Real Estate Dev. Corp.*, 832 N.E.2d 274, 282 (Ill. App. Ct. 2005); *Kennedy v. Medtronic, Inc.*, 851 N.E.2d 778, 786 (Ill. App. Ct. 1999). Summary judgment is appropriate where the defendant owed no duty to the plaintiff. *Bailey v. Edward Hines Lumber Co.*, 719 N.E.2d 178, 181 (Ill. App. Ct. 1999). Illinois courts look to Section 324A of the Restatement (Second) of Torts to evaluate whether a party voluntarily undertook a legal duty. *Id.* at 184. Section 324A provides:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if
>
> > (a) his failure to exercise reasonable care increases the risk of such harm, or
> > (b) he has undertaken to perform a duty by the other to the third person, or
> > (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

RESTATEMENT (SECOND) OF TORTS § 324A (1965). Any duty imposed on a defendant under the voluntary undertaking theory is limited to the extent of the undertaking. *Frye v. Medicare-Glaser Corp.*, 605 N.E.2d 557, 560 (Ill. 1992).

Plaintiff relies on only subsection (b) and alleges that the WCMA and the WCSC undertook a duty to warn, recall, and retrofit that otherwise would belong to Hunter Douglas. Defendants WCMA and WCSC contend that they did not undertake a legal duty because subsection (b) applies only when a party completely supplants or replaces the efforts of the party

that originally held the duty. The WCMA and the WCSC contend that they never undertook to perform a duty in place of Hunter Douglas; rather, their efforts to warn and provide retrofit kits complemented and accompanied Hunter Douglas's own efforts to warn its consumers about the dangers of window cord strangulation and provide retrofit kits to those who purchased its products. Thus, Defendants WCMA and WCSC argue that they did not undertake a legal duty under subsection (b) and are therefore entitled to summary judgment.

As a court sitting in diversity, we apply the law of Illinois. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Allstate Ins. Co. v. Menards, Inc.*, 285 F.3d 630, 632-33 (7th Cir. 2002). The Illinois Supreme Court and Illinois appellate courts have not directly addressed whether a party that voluntarily undertakes a duty must completely supplant that portion of the original party's duty that it undertakes in order to face liability under subsection (b). In the absence of controlling precedent, our task is to predict how the Illinois Supreme Court would decide this particular issue. *Allstate*, 285 F.3d at 632-33; *Research Systems Corp. v. IPSOS Publicite*, 276 F.3d 914, 925 (7th Cir. 2002).

Although Illinois courts have not directly addressed the issue, many other courts have considered it and have adopted the position espoused by the WCSC and the WCMA. In *Hutcherson v. Progressive Corp.*, 984 F.2d 1152, 1154 (11th Cir. 1993), for example, a truck driver swerved out of his lane and struck and killed a pedestrian. The victim's widow filed suit against the trucking company's insurer under Section 324A(b) alleging that the insurer voluntarily undertook a duty of monitoring the trucking company's drivers by providing the trucking company with various safety services, including periodic independent review of the company's drivers. *Id.* at 1154, 1156. The Eleventh Circuit affirmed summary judgment for the insurer because there was no evidence that the insurer "completely assumed" the trucking

company's duty to monitor the safety of its drivers, and in order to be liable under section 324A(b), a party must undertake a duty "in lieu of, rather than a supplement to" the original party's duty. *Id.* at 1156-57. *See also Obenauer v. Liberty Mut. Ins. Co.*, 908 F.2d 316, 317 (8th Cir. 1990) (concluding that an insurer providing safety services to a manufacturer was not liable under Section 324A to the user of a manufactured product because the insurer did not "replace" the manufacturer's duty to design a safe product); *Davis v. Liberty Mut. Ins. Co.*, 525 F.2d 1204, 1207-08 (5th Cir. 1976) (requiring that the party with the original duty completely "delegate[]" the duty to the undertaking party in order for the undertaking party to be liable under subsection (b)); *Blessing v. U.S.*, 447 F.Supp. 1160, 1193-94 (E.D. Pa. 1978) ("the Restatement provision [324A(b)] seems to reach not the situation in which one undertakes to perform functions coordinate to or even duplicative of activities imposed on another by a legal duty, but rather the situation in which one actually undertakes to perform for the other the legal duty itself"); *Ironwood Springs Christian Ranch, Inc. v. Walk to Emmaus*, 801 N.W.2d 193, 202 (Minn. Ct. App. 2011) ("to impose liability under section 324A(b), one who undertakes a duty owed by another to a third person must completely assume the duty"); *Plank v. Union Elec. Co.*, 899 S.W.2d 129, 131 (Mo. Ct. App. 1995) ("one must intend to completely subsume or supplant the duty of the other party in order to incur liability for nonperformance of that duty"); *Furek v. Univ. of Del.*, 594 A.2d 506, 515-16 (Del. 1990) (Section 324A(b) applies "only when one undertakes to supplant the duty of another owed to a third person").

Seventh Circuit and Illinois case law is consistent with this reading of Section 324A(b). In *LM v. United States*, the Seventh Circuit noted that to hold a defendant liable under Section 324A(b), a plaintiff must establish that the defendant "*relieved* a third party of its duty." *LM v. United States*, 344 F.3d 695, 702 (7th Cir. 2003) (Illinois law) (emphasis added). Similarly, in

*Hernandez v. Rapid Bus Co.*, 641 N.E.2d 886, 887-91 (Ill. App. Ct. 1st Dist. 1994), an Illinois appellate court found that a bus company that transported special education students and a school board attendant who supervised and escorted the students from the bus to the school building voluntarily undertook a duty under Section 324A(b) to supervise and escort the students only when the school board attendant who normally performed this function was absent. When the attendant was present, the bus company had not undertaken a duty under Section 324A(b). *Id.* at 891.

Plaintiff contends, however, that the comments to Section 324A of the Restatement establish that a party need not supplant another's duty in order to be liable under subsection (b); rather, a party may voluntarily undertake a duty in conjunction with another and still face liability. Plaintiff points to comment d in particular, which provides that "even where the negligence of the actor does not create any new risk or increase an existing one, he is still subject to liability if, by his undertaking with the other, he has undertaken a duty which the other owes to a third person." RESTATEMENT (SECOND) OF TORTS § 324A (1965). Plaintiff argues that the word "with" establishes that a party may undertake a duty alongside another and face liability even if the party originally holding the duty does not forego its duty.

But the three illustrations to comment d do not support such a reading. In the first illustration a managing agent incurs liability for negligent repairs when he "takes charge" of a building for the owner. In the second illustration, an individual incurs liability for negligent inspection when employed to inspect telephone poles. In the third illustration, a person incurs liability for negligent inspection of work conditions when employed as the superintendent of construction work. In each of these illustrations, the party facing liability undertakes the responsibility of performing the original party's duty completely. A managing agent does not

merely assist in the repair of a building, he undertakes the responsibility completely. A pole inspector does not merely assist in the inspection of a pole, he performs the inspection completely. And a superintendent does not merely assist with the oversight of construction, he completely assumes that duty. *Plank*, 899 S.W.2d at 131. *See also Blessing*, 447 F.Supp. at 1194, ("In each of these examples of 324(b) liability, the one held liable when he negligently performed his undertaking and injury to a third person resulted had undertaken to perform tasks on behalf of another and *in lieu of that other*.") (citing comment d) (emphasis added). Thus, Plaintiff's reading of comment d is not consistent with the comment's illustrations and therefore is unpersuasive.

We are also mindful that, under Illinois law, the existence of a duty "turns in large part on public policy considerations." *Ward v. K Mart Corp.*, 554 N.E.2d 223, 232 (Ill. 1990). And the Illinois Supreme Court has expressly indicated that public policy supports a narrow construction of voluntary undertakings. *See Frye*, 605 N.E.2d at 560; *Doe v. Big Bros. Big Sisters of Am.*, 834 N.E.2d 913, 928 (Ill. App. Ct. 2005). For claims against trade associations in particular, public policy is "part of the legal mix" and favors not imposing a duty. *Bailey*, 719 N.E.2d at 183. Indeed, the *Bailey* court noted of trade associations:

> Such organizations serve many laudable purposes in our society. They contribute to the specific industry by way of sponsoring educational activities, and assisting in marketing, maintaining governmental relations, researching, establishing public relations, standardization and specification within the industry, gathering statistical data and responding to consumer needs and interests. Furthermore, trade associations often serve to assist the government in areas that it does not regulate. 719 N.E.2d at 183 (quoting *Meyers v. Donnatacci*, 531 A.2d 398, (N.J. Super. Ct. 1987).

To punish those who voluntarily assist others would discourage benign acts of assistance in contravention of public policy. *See Plank*, 899 S.W.2d. at 131.

For these reasons, we hold that for a party to be liable under Section 324A(b) under Illinois law, the party must supplant the duty it undertakes from the party that originally held the duty, not merely assist or supplement the service provided by the other.

Here, Plaintiff has presented no evidence that the WCMA or the WCSC supplanted or completely overtook Hunter Douglas's duty to warn consumers about the risk of strangulation posed by window coverings and carry out a corrective action plan to eliminate the identified strangulation hazard through a retrofit and recall program. As a member of the WCSC, Hunter Douglas has maintained its own safety efforts. (Defs.' LR 56.1(a)(3) ¶ 5, 8; Defs.' Ex. 1, Kelley Aff. ¶ 5.) Specifically, Hunter Douglas has provided warnings on products and sales materials, provided signage and pamphlets on window blind safety for retailers to make available to Hunter Douglas customers, participated in promotional events such as Window Covering Safety Month with its own publications and promotions, and issued press releases to the media regarding cord safety. (Defs.' LR 56.1(a)(3) ¶ 8; Defs.' Ex. 1, Kelley Aff. ¶ 6.)

Additionally, Hunter Douglas has alerted its own customers of the need to retrofit existing products to incorporate safety features and has provided retrofit kits directly to its customers and directed requests for retrofit kits to the WCSC for fulfillment. (Defs.' LR 56.1(a)(3) ¶ 9; Defs.' Ex. 1, Kelley Aff. ¶ 7.) In short, there is no evidence that Hunter Douglas relinquished to the WCSC or the WCMA its efforts to warn about the dangers of strangulation in the cords of window coverings or provide retrofit and recall kits to consumers. (Defs.' LR 56.1(a)(3) ¶ 10; Defs.' Ex. 1, Kelley Aff. ¶ 8.) Thus, Defendants WCMA and WCSC did not undertake a legal duty to the Plaintiff under Section 324A(b) and, therefore, cannot be liable to

Plaintiff. Accordingly, the Court finds that there are no genuine issues of material fact and Defendants WCMA and WCSC are entitled to judgment as a matter of law.[2]

IV. **Conclusion**

For all the reasons set forth above, the Court grants Defendants WCMA and WCSC's motion for summary judgment [99]. WCMA and WCSC are hereby dismissed.

**SO ORDERED**   ENTER: 8/8/12

_____
JOHN Z. LEE
**U.S. District Judge**

---

[2] Because Defendants WCMA and WCSC are entitled to judgment as a matter of law on the duty issue, the Court need not address Defendant WCMA's argument about the extent of its involvement in the recall and retrofit program.