IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSE M. PADILLA, as the Special Administrator of the Estate of Maximilian Padilla, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 09 CV 1222 |
| HUNTER DOUGLAS WINDOW COVERINGS, INC.; WINDOW COVERING MANUFACTURERS ASSOCIATION; AND WINDOW COVERING SAFETY COUNCIL, | ) ) ) ) ) ) | Judge John Z. Lee |
| Defendants. | ) | |

**ORDER**

    In this case, Defendant Hunter Douglas filed three motions *in limine*. "Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). Rulings *in limine* avoid delay and allow the parties the opportunity to prepare themselves and witnesses for the introduction or exclusion of the applicable evidence. *See Wilson v. Williams*, 182 F.3d 562, 566 (7th Cir. 1999); *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989). Trial courts have broad discretion in ruling on evidentiary issues before trial. *See United States v. Chambers*, 642 F.3d 588, 594 (7th Cir. 2011); *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 426 (7th Cir. 2000). The Court will only grant a motion in limine when the evidence is clearly inadmissible for any purpose. *See Jonasson v. Lutheran Child & Family Servs.,* 115 F.3d 436, 440 (7th Cir.1997); *Betts v. City of Chi., Ill.,* 784 F. Supp. 2d 1020, 1023 (N.D. Ill. 2011). Moreover, rulings on motions *in limine* are "subject to change when the case unfolds." *Luce*, 469 U.S. at 41; *see also Farfaras v. Citizens Bank & Trust of Chi.*, 433 F.3d 558, 565 (7th Cir. 2006). Indeed, "even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound discretion, to alter a previous *in limine* ruling." *Luce*, 469 U.S. at 41-42. The Court rules on Defendant's first two motions *in limine* as stated below.

    Defendant's motion *in limine* No. 1 [176] is granted. Defendant moved to preclude post-sale evidence and arguments regarding window cord safety. To prevail in a negligent design case in Illinois, Plaintiff "must show that the manufacturer knew or should have known of the risks posed by the product design at the time of manufacture" of the product. *Jablonski v. Ford Motor Co.*, 955 N.E.2d 1138, 1154 (Ill. 2011) (internal quotation omitted). Furthermore, as Plaintiff's counsel acknowledged, in Illinois, a continuing duty to warn may be imposed upon the

manufacturer if the manufacturer "knew or should have known the product was unreasonably dangerous at the time of sale." *Id.* at 1162. Because the salient time of inquiry is when the window blinds at issue were manufactured and sold, any evidence of accidents that took place post-sale and the degree of Defendant's knowledge of those incidents post-sale have no probative value. Fed. R. Evid. 401. Furthermore, even assuming that such post-sale evidence were relevant in some way, the court finds that whatever probative value such evidence would possess would be substantially outweighed by the danger of unfair prejudice and would likely lead to jury confusion and unnecessary delay. Fed. R. Evid. 403.

Defendant's motion *in limine* No. 2 [177] is denied. Defendant moved to preclude evidence regarding Ms. Brenda Davis' purchase of the window blinds at issue in this case as inadmissible hearsay. Hearsay is an out of court statement offered to prove the truth of the matter asserted. Fed. R. Evid. 801(c). Ms. Davis may testify regarding her purchase of window blinds without referring to an out of court statement. To the extent that Ms. Davis testifies regarding an out of court statement, Defendant may make specific objections at trial.

**SO ORDERED**  **ENTER: 2/10/14**

_____

**JOHN Z. LEE**
**United States District Judge**